IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ISRAEL FORESTIER FRADERA**
Plaintiff,

v.                                                                                            **CIVIL NO. 02-1301 (DRD)**

**MUNICIPALITY OF MAYAGUEZ, et als.,**
Defendants

## ORDER

Pending before the Court is co-defendants, Municipality of Mayaguez, Hon. Jose Guillermo Rodriguez (in his official capacity as Mayor of the municipality of Mayaguez), and Hon. Roberto Perez Colon's (in his official capacity as President of the Municipal Assembly of the Municipality of Mayaguez) ("Defendants") request to dismiss plaintiff Ismael Forestier Fradera's ("plaintiff") claim under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* found in their *Brief in Compliance with Court Order*. (Docket No. 47). Plaintiff duly replied in his *Reply Brief in Compliance with Court Order*. (Docket No. 50).

The relevant procedural history of the case is as follows. During the 1970s, plaintiff was involved in a car accident that resulted in his becoming handicapped due to a gait condition. Consequently, plaintiff requires assistive equipment for walking both short and long distances. In the 1996 general elections in Puerto Rico, plaintiff was elected as assemblyman to the Municipal Assembly of Mayaguez. Traditionally, for the past thirty (30) years, at minimum, the Municipal Assembly has held its sessions in the Assembly Room. Said Assembly Room is located, and has been located for the past thirty (30) years, on the second floor of City Hall. Since the beginning of his tenure as assemblyman, plaintiff has attended the Assembly's sessions, which were held in the Assembly Room on the second floor, on a regular basis. According to plaintiff, on March 17, 1997, he requested from the president of Mayaguez's Municipal Assembly a reasonable accommodation in order to fulfill his duties as a member of the Municipal Assembly. Subsequently, on March 17, 1998, plaintiff filed an administrative charge with the Office of the Solicitor for Persons with Disabilities, Regional Office of the Municipality of Aguadilla. He alleged that he had requested the president of the Mayaguez Municipal Assembly reasonable accommodation with the installation of an elevator at City Hall. An administrative hearing took place on November 14, 2000 where the Municipality agreed to install a banister on the stairway that leads to the second floor to City Hall and an elevator as part of the remodeling project City Hall would undergo. The Municipality then opted to install a temporary elevator given that fact that the remodeling would take longer than expected. The banister was installed on February 2001 and the temporary elevator was finally installed on March 2003. The instant suit was filed on February 27, 2002 claiming injunctive relief, compensatory, and punitive damages. (Docket No. 1).

Before proceeding any further, the Court wishes to clarify that, pursuant to the Pre-Trial conference held on January 8, 2004, the only issue remaining unresolved in the instant case is whether plaintiff is entitled to compensatory damages for his alleged emotional pain and suffering due to defendants' alleged discriminatory actions.  (Docket No. 45).

In order to effectively state a claim for compensatory damages under Title II or Section 504 of the Rehabilitation Act, plaintiff is compelled to comply with two requirements.  Firstly, plaintiff, as a private individual, will only recover compensatory damages for **intentional** discrimination. *See* Alexander v. Sandoval, 532 U.S. 275, 280-81, 121 S.Ct. 1511 (2001); Nieves-Marquez v. Puerto Rico, 353 F.3d 108 (1st Cir. 2003).  Secondly, plaintiff must make a clear showing that the damages he is averring are, in fact, available as compensatory damages under Title II and Section 504 of the Rehabilitation Act.  Particular to that effect, the First Circuit Court of Appeals has held:

> The Supreme Court has held that compensatory damages are generally available under both statutes. (citations omitted).  The Court has not defined the content of "compensatory damages" in this context.  Other courts are divided over whether compensatory damages under § 504 and Title II include damages for emotional harm or pain and suffering caused by the denial of [rights provided by certain statutes].  This court held that such damages were not available when there was no evidence of economic harm or animus toward the disabled, but left open the question of whether such damages could be available in other circumstances. (citations omitted).

Nieves-Marquez, 353 F.3d at 126-27.

Finally, under Fed.R.Civ.P. 12(b)(6), the Court must accept as true all well pleaded factual averments contained in the complaint, while, at the same time, drawing all reasonable inferences from the allegations in favor of the plaintiff.  *See* McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276, 96 S.Ct. 2574, 2577 (1976); Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.P.R. 1999); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996);Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994); Correa Martinez v. Arrillaga Belendez, 903 F.2d 49, 51 (1st Cir. 1990); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).  However, "because only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).  In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. Conley v. Gibson, 355 U.S. at 78. (*Emphasis added*.)

Notwithstanding, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d at 3.  The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978).  In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim[.]" Id.; *see also* Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).

Pursuant to the factual scenario set forth by the Court under the pleadings of the Complaint, taking them as true, and within the time frame set in the pleadings, it is unquestionable that plaintiff clears both hurdles.  More so, when, pursuant to Rule 12(b)(6) all well pleaded allegations are considered truthful, and all reasonable inferences drawn in his favor, plaintiff alleges intentional discrimination.[1]  Logically, defendants deny any wrongful or deliberate intent.  However, at this motion to dismiss stage in the proceedings, we can only credit the pleadings.  Furthermore, it is also unclear at this point if plaintiff has suffered economic harm due to the alleged discriminatory acts, and, since we must credit the pleadings, we cannot, at this point say with certainty that an award for compensatory damages under Section 504 of the Rehabilitation Act or Title II is precluded on these pleadings.

**WHEREFORE,** for the reasons stated above, defendants' request to dismiss the instant action (Docket No. 47) is **DENIED**.

The case is scheduled for a settlement conference to be held on **Tuesday, June 7, 2005 at 4:30pm.**  If no agreement is reached, the Jury Trial date of July 11th, 2005, as well as all previously set deadlines and hearings stand.  Should the parties reach an agreement, they shall promptly advise the Court requesting the Court to close this case.  The parties are to advise the Court expeditiously.

**IT IS SO ORDERED.**

**Date:** April 25, 2005

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[1] The complaint alleges that "[t]he violations and the continuing discriminatory and unlawful practices and conditions described above are the result of policies and practices implemented and carried out by defendants.  The head of each one of the defendants offices (public entities) implemented, permitted and allowed the illegal policies and practices described above."  Furthermore, the complaint states that "[p]laintiff has been and is actually being discriminated by defendants which have acted and are acting with malice and reckless indifference to the federally protected rights of Plaintiff."